## M. JENEFSKY & CO., Plaintiff-Appellee, v. Di BAUDA, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2375.   Decided August 9, 1956.

Wasserman & Talbot, Dayton, for plaintiff-appellee.

Beigel & Mahrt, Dayton, By Edward J. Duffy, Jr., of Counsel, for defendant-appellant.

### OPINION

By THE COURT:

Submitted on motion of appellee to dismiss the appeal (1) because no bill of exceptions has been filed "within forty days after the final order was filed," and (2) because no briefs have been filed within fifty days after filng of notice of appeal, and, also, on motion of appellant

to dismiss motion of appellee and for an order allowing appellant to perfect the appeal within time.

Under §2321.05 R. C., as amended a bill of exceptions is required to be filed "not later than forty days after the perfecting of the appeal by the filing of the notice of appeal, etc." It will be observed that the time to file a bill of exceptions begins to run from date of notice of appeal, rather than the date of the final order. Under either form of the statute the time has expired.

But motion of appellee is overruled, first because the failure to file a bill of exceptions does not necessarily require dismissal of an appeal as there may be errors exemplified on the face of the record, and, second, because the instant appeal is on questions of law and fact. In such appeal there is no bill of exceptions, and Rule VII which fixes the time for filing assignment of errors and briefs applies only to appeals on questions of law.

Motion of appellant to overrule motion of appellee is sustained, but the second branch of appellant's motion, requesting permission to perfect the appeal as within time, is overruled. The appellant is in Court on an appeal on questions of law and fact. If the appeal stands Rule V would control.

The action was one for the recovery of money only. An appeal on questions of law and fact does not lie. The court sua sponte dismisses the law and fact appeal and retains the appeal on questions of law. "Whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, the Court of Appeals shall fix the time, not to exceed thirty days, for the preparation and settlement of a bill of exceptions." Sec. 2321.05 R. C. Also, see Rule V. This Court fixes the time at thirty days after this opinion is journalized. An entry may be drawn fixing the time within which to file assignment of errors and briefs.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

No. 2375. Decided November 28, 1956.

Wasserman & Talbot, Dayton, By Jesse Jennings, of Counsel, for plaintiff-appellee.

Beigel & Mahrt, Dayton, By Edward J. Duffy, of Counsel, for defendant-appellant.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION
By HORNBECK, J:

Plaintiff sued on account for produce sold and delivered to defendant and claimed the sum of $1,955.85 as due thereon.

Defendant in his answer denied all the allegations of the petition, but in his testimony admitted the correctness of the account.

Defendant cross-petitioned for $1,974.08 on a contract which he claimed he had with William Jenefsky on behalf of plaintiff company, whereby said Jenefsky agreed to place its produce in storage in a warehouse, which William Jenefsky leased in his own name, but had sublet to defendant, "in such quantities and at such prices that the defendant would not incur any expense in operating said warehouse and office." The expenses incurred by defendant were the amount prayed for in the cross-petition.

The trial judge found for the plaintiff for the amount claimed in its petition, and for the defendant for the cost of storage in the amount which plaintiff admitted it owed defendant.

Defendant appeals, and the appeal proceeds as upon questions of law. Several errors are assigned, but all go to the one question whether the trial judge erred in failing to hold with appellant on his cross-petition.

Defendant relied upon the claim that an agency was created by plaintiff in William Jenefsky by estoppel which bound the plaintiff to the contract, which it was testified and not denied William Jenefsky made with defendant.

There is no need of pursuing at length the legal principles of agency by estoppel, as there is no room for doubt that the trial judge was well within the evidence in holding that defendant had failed in his proof of his cross-petition.

Sufficient of the basic essentials of agency by estoppel are set out in one paragraph of 2 O. Jur. 2d, 99, paragraph 58—Agency, to demonstrate wherein defendant failed:

"In determining the apparent authority of an agent it is the conduct of the principal, rather than that of the agent, that is to be considered. The principal is only liable for that appearance of authority caused by himself. Apparent authority on the part of an agent cannot be established solely by the acts and conduct of the agent, but must be traced to some act or conduct of the principal."

Supporting the text are cited the cases of **General Cartage & Storage Co. v. Cox, 74 Oh St 284; Storms v. United Grain & Millworkers' Union, 64 Oh Ap 19,** and Chesapeake & O. R. Co. v. Ringstaff, 67 F. 2d 482.

228

It was developed that Williams Jenefsky was not a stockholder, director or officer of the plaintiff corporation; that he was given no authority whatever to execute such a contract as is involved here, and that no act of any officer of the corporation appeared, which should have led the defendant to believe that William Jenefsky, as agent for the plaintiff, was authorized to enter into the contract with defendants. As a matter of fact, the gist of defendant's testimony is that from his observations of the conduct of William Jenefsky, and not of that of any officer of plaintiff company, he assumed that William Jenefsky had authority to bind the plaintiff company. Agency by estoppel is not proven.

The judgment will be affirmed.

WISEMAN and CONN, JJ, concur.